El Pueblo, Demandante y Apelado, *v.* The Juncos Central Co., Acusada y Apelante.

Apelación procedente de la Corte de Distrito de Humacao en causa por·infracción del artículo 332 del Código Penal.

No. 908.—Resuelto en julio 11, 1916.

Corporaciones—Comparecencia Especial—Juicio de Novo—Jurisdicción—Sumisión.—Cuando una corporación es acusada en una corte municipal y apela a la de distrito, aun cuando no fuera debidamente citada en aquella corte, su comparecencia en la de distrito, que no sea especial para impugnar la jurisdicción constituye una sumisión. La moción para que se desestime la denuncia debe hacerse antes de la comparecencia, correspondiendo a la acusada demostrar que la corte municipal no había adquirido jurisdicción.

Salud y Seguridad Públicas—Alegaciones Esenciales—Abastecimiento.—Es una de las alegaciones esenciales en una denuncia por infracción del artículo 332 del Código Penal, expresar que se tomó agua de determinado cuerpo destinado al abastecimiento de los habitantes de alguna ciudad, villa o municipalidad.

Id.—Lugar de la Comisión del Delito—Excepción de Ambigüedad.—En este caso se expresa en la denuncia que la acusada contaminó "las aguas del Río Grande de Gurabo que se hallaban destinadas al abastecimiento de los habitantes de dicha municipalidad." *Se resolvió:* que si bien sólo se emplean las palabras "dicha municipalidad," como el nombre que precede inmediatamente en orden gramatical a dichas palabras es el de "Gurabo," y el Inspector de Sanidad de Gurabo fué quien formuló la denuncia, a falta de excepción por ambigüedad en cuanto al particular, no puede levantarse la cuestión por primera vez en apelación de que las palabras "dicha municipalidad" se refieran a "Juncos" también mencionado en la denuncia.

Id.—Contaminación de Aguas—Admisiones de Agentes.—Cuando se imputa a una corporación dedicada a la elaboración de azúcar de caña el hecho de haber contaminado las aguas de un río que se hallaban destinadas al abastecimiento de los habitantes de una municipalidad haciéndolas impropias para el consumo público, echando en ellas desperdicios, residuos y mieles, las admisiones de un ingeniero agente de la corporación dentro del alcance de su empleo no están sujetas a objeción.

Municipalidades—Conocimiento Judicial.—Las cortes de Puerto Rico pueden tomar conocimiento judicial de las distintas municipalidades de la isla referidas en una denuncia.

Los hechos están expresados en la opinión.

Abogado de la apelante: Sr. *Francisco González.*

Abogado del apelado: Sr. *Salvador Mestre, Fiscal.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

En éste caso se formuló denuncia ante la Corte Municipal de San Lorenzo contra la Juncos Central Co. por infracción del artículo 322 del Código Penal.   En la apelación la Corte de Distrito de Humacao declaró culpable a la acusada.

El primer error que ha sido alegado se refiere a la negativa de la corte a sobreseer la causa.   La acusada es una corporación y alega que no fué citada o emplazada debidamente.   No aparece de los autos si la corporación promovió o no alguna cuestión como ésta en la corte municipal, o si por el hecho de comparecer la acusada ante aquella corte y defenderse, renunció a cualquier cuestión relativa al emplazamiento o citación.   Nos inclinamos a creer que si no se hizo tal sumisión o renuncia, la acusada podría suscitar la cuestión en la apelación a la corte de distrito, siempre que no hubiera adoptado ninguna medida incompatible con la adquisición de jurisdicción por las cortes.   Tenemos duda de si la nueva apelación de una sentencia dictada contra la corporación daría jurisdicción a la corte de distrito en apelación si la acusada no fué debidamente citada o emplazada.   Sin embargo, somos de opinión de que cualquier comparecencia en la corte de distrito que no sea la comparecencia especial para impugnar la jurisdicción sería una sumisión.   No vemos ninguna razón para distinguir este caso de un caso civil en que es emplazada una corporación.   Recientemente hemos examinado tal cuestión, *Aparicio Hermanos* v. *H. C. Christianson & Co.*, 23 D. P. R. 493.

En este caso, el día que fué señalado para juicio, y no antes, el demandado hizo una comparecencia general y presentó una moción para que se desestimara la demanda. Creemos que la moción no estaba en debida forma y fué presentada demasiado tarde, puesto que al hacerse la moción ya se había sometido la acusada.   Debe también notarse que no se mostraron hechos para sostener la moción y después de la apelación y de la comparecencia del demandado, tenía éste el deber de demostrar que la corte municipal no había adquirido jurisdicción.

Generalmente la mera apelación a la corte de distrito se considera como una comparecencia general.    3 Cyc. 510, 2 R. C. L. 334, pero como esta acusada es una corporación y el caso es criminal, nada decimos sobre el particular.

El tercer señalamiento alega que existe desacuerdo entre cierta prueba admitida por la corte y los hechos denunciados (*variance*).    La denuncia fué como sigue:

"Yo, Joaquín Sánchez de la Rosa, Inspector de Sanidad de Gurabo, P. R., formulo denuncia contra The Juncos Central Co., representada por Mr. Tomás Subirana, por delito contra la salud y seguridad pública, infracción al artículo 332 del Código Penal, cometido de la manera siguiente: que en mayo 4 de 1914, y en el barrio de Gurabo Abajo de Juncos, P. R., del Distrito Judicial Municipal de San Lorenzo, que forma parte del Distrito Judicial Insular de Humacao, P. R., la mencionada denunciada, dedicada a la elaboración de azúcar de caña, e incorporada bajo las leyes de Puerto Rico, por mediación de su *manager* general Mr. Tomás Subirana o por medio de cualquier otra persona, empleado o peón actuando bajo las órdenes y dirección de dicho *manager*, contaminó ilegalmente y a sabiendas las aguas del Río Grande de Gurabo que se hallaban destinadas al abastecimiento de los habitantes de dicha municipalidad haciéndolas intencional y maliciosamente impropias para el consumo público.    La contaminación de estas aguas se realizó echando las mieles y residuos en un gran depósito o tanque en la tierra al oeste de la factoría y permitiendo que tales mieles y residuos salgan de dicho tanque por una compuerta de madera especialmente construída para el Río de Gurabo digo abril (?) tal compuerta y echar tales desperdicios, residuos y mieles en las avenidas del Río de Gurabo, que discurriendo por una zanja, van a desembocar en una corriente de aguas que provienen de la central mencionada, y unidos estos desperdicios, mieles y residuos ya aludidos a las aguas de esta corriente, van a caer al río, donde han contaminado las aguas del Río de Gurabo, en la fecha indicada, con notorio perjuicio del público."

El artículo 332 del Código Penal dispone lo siguiente:

"Toda persona que arrojare el cadáver de algún animal, o los despojos o inmundicias de algún matadero, corral o carnicería, en cualquier río, cáño, charco, depósito, corriente, callejón carretera o vía pública, o cualesquiera restos o despojos de animal, u otros des-

perdicios, a la orilla de algún río, charco, lago o depósito de donde se toma agua para el abastecimiento de los habitantes de alguna población o municipio, de modo que las filtraciones de tales despojos o desperdicios puedan contaminar el agua tomada de dicho río, charco, lago o depósito, o de cualquier otro modo contaminare dicha agua, incurrirá en *misdemeanor*, y convicta que fuere será castigada con pena de cárcel por un término máximo de un año o multa máxima de mil dólares o ambas penas, a discreción del tribunal.''

Tiene razón la apelante al expresar que es una alegación esencial de una denuncia de acuerdo con este artículo decir que se saca agua de determinado cuerpo de agua para el abastecimiento de los habitantes de alguna ciudad, villa o municipalidad. Sostiene que en la denuncia se alega que los habitantes de Juncos se perjudicaron, mientras que la prueba demuestra que los perjudicados fueron los habitantes de Gurabo. Si se examina la denuncia se verá que no se menciona directamente ninguna municipalidad, sino que las palabras usadas son ''dicha municipalidad.'' En la denuncia aparece el nombre ''Gurabo'' por lo menos tres veces. No se determina especialmente ningún sitio como municipalidad, ni siquiera a Juncos. La corte podía tomar conocimiento judicial de que Gurabo, Juncos, San Lorenzo y Humacao referidos todos en la denuncia eran municipalidades. El nombre que precede inmediatamente en orden gramatical a las palabras ''dicha municipalidad,'' es la palabra ''Gurabo,'' y es el inspector de sanidad de Gurabo, Puerto Rico, el que formula la denuncia. Como la corte y también la acusada conocerían el curso de la corriente del Río Grande de Gurabo, no vemos que haya habido error ni perjuicio. En el juicio no se sugirió que la denuncia era vaga y ambigua en cuanto a este particular. El cuarto señalamiento de error se refiere a la misma cuestión.

El segundo y quinto señalamientos hacen referencia a las admisiones de un ingeniero que fueron presentadas como prueba. La acusada alegó que él no era un funcionario de la corporación acusada cuyas admisiones podían obligar a

dicha acusada. No hay duda alguna de que el ingeniero era agente de la compañía y creemos que toda la prueba tendía a mostrar que las manifestaciones del ingeniero se refirieron a cuestiones dentro del alcance de su empleo y, por tanto, que no estaban sujetas a objeción.

Hay también un señalamiento respecto al peso y suficiencia de la prueba, pero creemos que quedó suficientemente probado que la corporación realmente contaminó dichas aguas del modo y forma descritos en la denuncia.

Ni nada en la prueba nos inclina a intervenir con la discreción de la corte al imponer la multa de $1,000. Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.